Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KANHA KOUNDUANGTA,<br><br>    Defendant. | NO. A06-0018 CR (JWS)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION TO SUPPRESS EVIDENCE** |

**I.      Introduction.**

On Thursday evening, February 9, 2006, D.E.A. officers arrested Kanha Kounduangta for her role in the attempted possession of 500 grams of pure methamphetamine in violation of 21 U.S.C. § 841(a).  Ms. Kounduangta's initial appearence before a federal judicial officer on a complaint charging her with attempted possession of 500 grams of pure methamphetamine did not occur until Tuesday afternoon, February 14, 2006.  In the interim, Ms. Kounduangta made statements to DEA Agents which the government intends to present during its case in chief.

The matter is now before the court on Ms. Kounduangta's request for suppression of all statements made after February 10, 2006, based on her contention that a five-day delay of her initial appearance before a federal magistrate is unreasonable under Fed.R.Crim.P. 5(a) and 18 U.S.C. § 3501(c).

## II.   Statement of Facts.

Shortly after 9:00 p.m. on Thursday, February 9, 2006, D.E.A. agents arrested Kanha Kounduangta based on her suspected roll in the attempted possession of more than 500 grams of pure methamphetamine in violation of 21 U.S.C. § 841(a). The arrest occurred within the city limits of Anchorage, Alaska. Anchorage is the largest metropolitan area within the District of Alaska. The arresting agents remanded Ms. Kounduangta to the Anchorage Jail Complex East later that evening. The facts and circumstances attendant to this arrest are set forth in Ms. Kounduangta's first motion to suppress. Of significance here is the fact that at least ten law enforcement officers were involved in the surveillance and ultimate arrest of Ms. Kounduangta.

The United States District Court for the District of Alaska is based in Anchorage. The Anchorage Division of the District of Alaska was at that time served by one full time United States Magistrate Judge, three United States District Court Judges, and three United States District Court Judges who have assumed senior status. The Anchorage Jail Complex East is located less than two miles from the United States Federal Court House. The court calendar reveals that the full-time United States Magistrate Judge, the Fairbanks part-time Magistrate Judge, and at least one United States District Court Judge was available for duty on Friday, February 10, 2006. *See* Tab

A (Calendar for February 10, 2006). The Pretrial Services Division is staffed by two pretrial services officers.[1]

On Monday February 13, 2006, DEA Agent Hollingshead and Task Force Officer Feliciano retrieved Ms. Kounduangta from the Anchorage Jail and took her to the United States Marshals Office which is located at the United States Federal Court House. Ms. Kounduangta made statements to these officers. The statements are detailed as follows in a DEA 6 form.

> While transporting KOUNDUANGT, KOUNDUANGTA cried and spontaneously repeated on numerous occasions "I'm so sorry - - I'm so stupid."
>
> In addition to the above statements, KOUNDUANGTA made several statements to S/A Hollingshead and TFO Feliciano that were indecipherable due to KOUNDUANGTA's crying. S/A Hollingshead and TFO Feliciano were able to understand some words relating to KOUNDUANGTA saying sorry to the police and KOUNDUANGTA wanting to see her children.

*See* Tab B (DEA Form 6).

These officers returned Ms. Kounduangta to the Anchorage Jail Complex East and her initial appearance before a federal judicial did not occur until 1:30 p.m. on Tuesday, February 14, 2006, five days after her arrest. At her first appearance occurred before a United States Magistrate Judge, Ms. Kounduangta asked for the assistance of counsel.

---

[1] Paula McCormick and Christopher Liedike.

**III.   Argument.**

    **A.   The Law.**

Fed.R.Crim.P. 5(a) requires "[a]n officer making an arrest under a warrant . . . [to] take the arrested person without unnecessary delay before the nearest available federal magistrate judge[.]" Title 18 U.S.C. § 3501( c) provides in the relevant part:

> In any criminal prosecution. . .a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention:
>
> *Provided*, That the time limitation contained in this subsection shall not apply in any case in which **the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled** to the nearest available such magistrate judge or other officer.

(Bold added; italics in original).

Title 18 U.S.C. § 3501( c) provides a six-hour "safe harbor" during which a confession or statement may not be suppressed solely because of pre-arraignment delay. *United States v. Alvarez-Sanchez*, 975 F.2d 1396, 1399 (9th Cir. 1992), *rev'd on other grounds*, 511 U.S. 350 (1994). This "safe harbor" extends beyond the six-hour mark if the delay is reasonable and is due to "the means of transportation and the distance to be traveled to the nearest available magistrate . . ." *Id.* at 1399-1400 and 1404 n.6.

The Ninth Circuit has identified two lines of authority to decide whether to admit such a non-"safe harbor" statement. *United States v. Van Pock*, 77 F.3d 285, 288 (9th Cir.1996). Courts can look to the reasonableness of the delay. If the delay is reasonable, then the statement can be admitted. *United States v. Manuel,* 706 F.2d 908, 913 (9th Cir.1983). Alternatively, courts can look to public policy concerns such as discouraging officers from unnecessarily delaying arraignments, preventing admission of involuntary confessions, and encouraging early processing of defendants. If public policy favors admission, the statement should be admitted. *United States v. Wilson*, 838 F.2d 1081, 1087 (9th Cir. 1988). Although the two lines of authority appear to conflict, the court has noted that the "conflict may be more apparent than real." *United States v. Van Pock*, 77 F.3d at 289, n. 4, *quoting, United States v. Alvarez-Sanchez*, 975 F.2d at 1404.

**B.    Analysis.**

Ms. Kounduangta respectfully submits that a fair and just application of these authorities requires suppression of the statements made to Special Agent Hollings head and Task Force Officer Feliciano. The five-day pre-arraignment delay in this case was plainly unreasonable. Ms. Kounduangta was arrested and remanded to the Anchorage Jail Complex East on February 9, 2006. The Anchorage Jail Complex East is less than two miles from the Federal Court House. There was a United States Magistrate Judge, at least one United States District Court Judge, and two pretrial services officers available on February 10, 2006. And yet, Ms. Kounduangta's initial appearance was inexplicably delayed until 1:30 p.m. on February 14, 2006. The statements at issue were obtained on February 13, 2006, well outside the six-hour "safe harbor" period recognized in 18 U.S.C. § 3501( c). This represents an unreasonable delay which favors suppression. Similarly, public policy favors early processing of arrested defendants. Indeed, no policy favors detaining a

defendant five days before his or her arraignment. There is no case that Ms. Kounduangta has been able to locate that has countenanced a five-day delay in an arrested defendant's initial appearance before a federal judicial officer.

**IV.    Conclusion.**

For these reasons, Ms. Kounduangta respectfully requests that all statements obtained from her after February 10, 2006 be suppressed.

DATED at Anchorage, Alaska this 16th day of March 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org