Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KANHA KOUNDUANGTA,<br><br>Defendant. | NO. A06-0018 CR (JWS)<br><br>**MEMORANDUM IN SUPPORT OF REQUESTED ORDER THAT KANHA KOUNDUANGTA APPEAR WITHOUT SHACKLES AT ALL HEARINGS** |

**I.      Introduction.**

        The grand jury has returned a true bill to an indictment charging Kanha Kounduangta

with one count of attempted possession with intent to distribute 500 grams or more of a mixture or

substance containing a detectable amount of  methamphetamine, and 50 grams or more of actual

methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  Ms. Kounduangta has

pleaded not guilty and the matter is set for trial on May 2, 2006.

        The pretrial services report reveals that Ms. Kounduangta is a 43-year-old refugee

woman from Laos.  Ms. Kounduangta emigrated from Laos in 1989 and is a lawful permanent

resident of the United States.  She has no prior criminal convictions.

Ms. Kounduangta is presently in custody. At every court appearance, Ms. Kounduangta is required to appear in court in leg shackles. The purpose of this motion is to request that she be allowed to appear at all court appearances without any shackling.

## II. Requiring Ms. Kounduangta To Make Court Appearances Shackled Violates Due Process.

Requiring custodial defendants to appear in court wearing leg shackles is, on information and belief, a policy instituted by the United States Marshals Service in this District. *United States v. Howard*, 429 F.3d 843 (9th Cir. 2005) addresses blanket shackling policies. *Howard* offers the following comments about shackling defendants:

> Shackling a defendant in any judicial proceeding can have negative effects. The Supreme Court has stated that "the use of [shackling and restraints] is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold. Moreover, the Supreme Court expressed concern that restraints could greatly reduce the defendant's ability to communicate with his counsel. This court has noted that shackling may confuse and embarrass the defendant, thereby impairing his mental abilities. Shackling may also cause the defendant physical and emotional pain.

*Id*. at 851 (citations omitted).

> *Howard* goes on to state that:

> At a minimum, due process requires that before there is any district-wide policy affecting all incarcerated defendants whom the government must transport to a first appearance, the must be some justification. The Supreme Court has stated that "if a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose governmental action is punishment that my not constitutionally be inflicted upon detainees *qua* detainees.

*Id*. at 851 (citations omitted).

Under these circumstances, the *Howard* court insisted that blanket policies such as the blanket shackling policy at issue here be justified before being enforced.

A court should insist on some showing that a policy impinging on defendants' freedoms and ability to communicate, as well as diminishing the decorum of the court proceeding, is reasonably related to a legitimate goal. By requiring the government to establish the need for the policy, the court can ensure that the policy does not constitute punishment of pretrial detainees during judicial proceedings.

*Id.* at 851-52.

**III.    Conclusion.**

Ms. Kounduangta should be allowed to appear at all court appearances unshackled unless the government can make some case specific need that justifies the shackling of this defendant in this case or some other fact specific showing that justifies a district wide practice of shackling all in-custody defendants.

DATED at Anchorage, Alaska this 16th day of March 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org