DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 64

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>KANHA KOUNDUANGTA,  )<br>  )<br>Defendant.  )<br>  )<br>  )<br>  )<br>_____  ) | Case No. 3:06-cr-00018-JWS-JDR<br><br><br><br><br>OPPOSITION TO DEFENDANT'S<br>FIRST  MOTION TO SUPPRESS<br>EVIDENCE |

COMES NOW the United States of America, by and through undersigned

counsel, and hereby opposes defendant's first motion to suppress evidence, filed at

docket 20, with an accompanying memorandum of law filed at docket 21; and a

request for an evidentiary hearing filed at docket 22. Therein, the defendant seeks to suppress all statements taken from her in violation of the Fifth and Sixth Amendments. The United States opposes the motion only to the extent that it seeks suppression of spontaneous statements made by the defendant.[1]

## BACKGROUND

On Thursday, February 9, 2006, investigators assigned to the Alaska Interdiction Task Force were at the United Parcel Service (UPS) facility in Anchorage, Alaska, conducting an interdiction operation. They noticed a suspicious parcel going to 9499 Brayton Drive, space 94, investigated the parcel and ultimately obtained a search warrant for the parcel. Inside the parcel, investigators found approximately ½ kilogram of methamphetamine, which was concealed inside a heart shaped box covered with red felt. The heart shaped box was filled with chocolate that appeared to be melted over an inner package. The inner package was wrapped with several layers of cellophane and peanut butter. The innermost wrapping appeared to be a blue plastic bag that contained the methamphetamine. Also inside the package was a stuffed toy.

---

[1] The United States reserves the right to use defendant's other statements to impeach or for rebuttal. See Harris v. New York, 401 U.S. 222, 225 (1971) (statement obtained in violation of Miranda can be used for impeachment).

The package was re-wrapped, a representative sample of the methamphetamine was placed inside, and the package and fitted with an electronic alerting device that would allow agents to determine when the package was opened. In addition, theft detection ointment was placed inside the package to assist investigators in determining who opened the package.

At approximately 7:48 pm, Special Agent Rodney Hollingshead, posing as a UPS driver, delivered the package to 9499 Brayton Drive, space 94, where it was signed for by a female at the residence. The defendant arrived at 9499 Brayton Drive, space 94, at approximately 8:03 pm, and left with the package five minutes later. The defendant drove in a suspicious manner, using a circuitous route, to 1200 W. Dimond Blvd, and parked in space 529. The defendant appeared to use a cellphone on the porch of the residence, and then get back into her vehicle and drove around the corner, where she picked up a male passenger. The defendant and the male passenger returned to space 529 and went inside the residence. Investigators were unable to see whether either the defendant or her male companion carried the package into the residence.

At approximately 8:41 pm, the alerting device changed tones, indicating that the package had been opened. Because no one was in the defendant's vehicle, the investigators knew that the package had been opened inside the residence. Agents

entered the trailer at space 529 to secure the package. They entered the residence after announcing their presence. Immediately, for officer safety reasons, the residence was cleared . The defendant and her male companion were placed in handcuffs and seated at a kitchen table. An elderly woman at the residence was not handcuffed, due to her apparent physical infirmity. Special Agent Timothy Binkley followed the initial agents through the door and asked the three individuals seated at the kitchen table, in substance, "Where's the box?'. The male expressed surprise, while the defendant appeared to become physically ill, and in substance, stated, in broken English, that she did not know about a box. Shortly thereafter, the opened box was located on the floor.

At that point, Agent Binkley showed the defendant the box and began to question her about it. The defendant then gave conflicting stories about her knowledge of the box, initially claiming that "Gina" opened the box and gave her the stuffed animal in the box, and later claimed that she opened the box as it was a gift. The male who was detained at the house assisted the investigators by translating the investigators' questions into the defendant's native language, Laotian. The United States does not intend to introduce, in its case in chief, any statement of the defendant made in the residence.

Thereafter, the defendant was taken to the Anchorage DEA District Office,

where she was read her Miranda warnings by Task Force Officer (TFO) Eliezer Feliciano. Although the defendant stated she understood her rights, the United States will not rely upon any Miranda waiver for any subsequent statements made by the defendant because all statements sought to be introduced were spontaneous utterances that were not the product of interrogation. There are two statements in this category made by the defendant. First, while she was being transported by TFO Feliciano to the Anchorage jail on the night of her arrest, the defendant stated in substance that she only received a gift and she did nothing wrong. Next, while being transported to Federal Court on Monday, February 13, 2006, the defendant, again in the back of TFO Feliciano's vehicle, stated, in substance, "I'm so sorry, I'm so stupid". The second statement is the subject of the defendant's second motion to suppress filed at docket 23, and is addressed more fully in the United States' opposition thereto.

## ARGUMENT

I.  THE UNSOLICITED STATEMENTS OF THE DEFENDANT IN THE BACK OF THE TRANSPORT VEHICLE WERE NOT THE PRODUCT OF CUSTODIAL INTERROGATION AND ARE ADMISSIBLE.

The defendant's statements to TFO Feliciano in the back of the patrol car were spontaneous statements not made in response to any questioning. Thus, they are admissible without regard to Miranda. Only questions "reasonably likely to

elicit an incriminating response from the suspect" amount to interrogation.  United States v. Booth, 669 F.2d 1231, 1237 (9th Cir. 2000), quoting Rhode Island v. Innis, 446 U.S. 291 (1980).  Because "the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions, the definition of interrogation can extend only to words or actions on the part of the police officers that they should have known were reasonably likely to elicit an incriminating response."  Innis, 446 U.S. at 301-302.

Here, no investigators said anything that prompted a response from Ms. Koundoungta.  Rather, she persisted in talking to the investigators, telling them that she did nothing wrong on the ride to jail, then telling them she was sorry for what she did on the ride to Court.  Neither was the result of any question posed by an investigator or any statement designed to elicit an incriminating response.  Accordingly, Miranda warnings, although given to the defendant, are irrelevant and the spontaneous statements are admissible.

//

## CONCLUSION

The United States only intends to offer in its case-in-chief the spontaneous statements made by the defendant. The defendant's request to suppress the other statements should be denied as moot, and an evidentiary hearing is unnecessary with respect to those statements.

RESPECTFULLY SUBMITTED this 23rd day of March, 2006 in Anchorage, Alaska.

    DEBORAH M. SMITH
    Acting United States Attorney

    s/ Frank V. Russo
    Assistant U.S. Attorney
    Federal Building & U.S. Courthouse
    222 West Seventh Avenue, #9, Room 253
    Anchorage, Alaska  99513-7567
    (907) 271-5071
    (907) 271-1500 (fax)
    Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 23, 2006, via:

    (X) Electronic case filing notice

Kevin McCoy, Esq.

s/ Frank V. Russo_____