DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 64

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>           Plaintiff,  )<br>  )<br>vs.  )<br>  ) OPPOSITION TO DEFENDANT'S<br>KANHA KOUNDUANGTA,  ) SECOND MOTION TO SUPPRESS<br>  ) EVIDENCE<br>           Defendant.  )<br>  )<br>  )<br>  )<br>_____ ) | Case No. 3:06-cr-00018-JWS-JDR |

　　　　COMES NOW the United States of America, by and through undersigned

counsel, and hereby opposes defendant's second motion to suppress evidence, filed

at docket 23, with an accompanying memorandum of law filed at docket 24; and a request for an evidentiary hearing filed at docket 25. Therein, the defendant contends that her arraignment was unreasonably delayed by investigators of the Drug Enforcement Administration (DEA), which in turn caused the defendant to make a pre-arraignment statement that she now seeks to suppress. First, there was no unreasonable delay caused by the DEA investigators, as a complaint was promptly sworn to and signed off by the Magistrate Judge the day after the defendant's arrest. In any event, the investigators did not delay the defendant's arraignment in order to interrogate her. Second, the statement the defendant seeks to suppress was not the result of interrogation, but rather a spontaneous statement made by the defendant. As such, there is no authority for its suppression. Finally, the defendant's motion is premature, as 18 U.S.C. § 3501 makes clear that the defendant's claim is an evidentiary issue for the trial judge. Thus, no evidentiary hearing is necessary.

## BACKGROUND

On Thursday, February 9, 2006, defendant Kanha Kounduangta was arrested after a controlled delivery of approximately ½ kilogram of methamphetamine. The defendant was arrested at approximately 9:30 pm, at a residence located at 1200 West Dimond Blvd, #529. Investigators then applied for a federal search

warrant for 1200 West Dimond Blvd., #529, which was signed by the Magistrate Judge at 11:50 pm.  See Search Warrant, attached hereto as Exhibit A.  Investigators executed the search warrant immediately, searching the residence into the early hours of the next morning, February 10, 2006.  Nevertheless, Task Force Officer Eliezer Feliciano ("TFO Feliciano") swore out an affidavit in support of a criminal complaint that same day, Friday, February 10, 2006, shortly after the lunch hour.  A copy of the criminal complaint, signed by the Magistrate Judge, is attached hereto as Exhibit B.  In addition, investigators promptly notified the U.S. Marshals of the defendant's arrest and lodged the defendant at the Anchorage Jail.  A Deputy United States Marshal advised investigators that the initial appearance of the defendant would take place first thing Monday morning.  However, on February 10, 2006, at 3:48 pm, the Electronic Case Filing system sent out a notice setting the defendant's initial appearance for Tuesday, February 14, 2006.  A copy of the ECF Notice is attached hereto as Exhibit C.

On the next business day, Monday, February 13, 2006, relying upon their conversation with the U.S. Marshal's office, DEA Special Agent Hollingshead and TFO Feliciano picked the defendant up at the Anchorage Jail and transported her to Federal Court, where they learned that the defendant's arraignment could not take place because a Laotian interpreter had not yet been obtained.  During the

defendant's transportation, the defendant blurted out that, "I'm so sorry, I'm so stupid." This statement was neither in response to a question posed to her by investigators nor a statement directed at her by investigators. Indeed, the defendant made several statements while in the back seat of the investigators' vehicle, none of which were prompted by any interrogation. <u>See</u> Report of Investigation re: Spontaneous statements made by Kanha Kounduangta on 2-13-06, attached hereto as Exhibit D. On Tuesday, February 14, 2006, a certified Laotian interpreter was obtained, and the defendant was arraigned on the criminal complaint and advised of her rights.

## ARGUMENT

### I. THE INVESTIGATORS DID NOT DELAY THE DEFENDANT'S ARRAIGNMENT IN ANY WAY.

Agent Hollingshead and TFO Feliciano promptly filed the necessary paperwork to allow for the arraignment of the defendant; any delay is not attributable to the government. Federal Rule of Criminal Procedure 5 governs initial appearances upon a defendant's arrest without a warrant, and provides, in relevant part:

> **Arrest without a Warrant**. If a defendant is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed.

Fed. R. Crim. Proc. 5(b).  As set forth in Exhibit B, it is clear that a complaint was sworn to the next business day after the late-night arrest of the defendant – after participating in an early morning search warrant and processing evidence obtained in the investigation.  As the Court is aware, in this District, the filing of the complaint with accompanying affidavit triggers the defendant's initial appearance, which is set by the Court.  Law enforcement officers have no control over the setting of this hearing.  Thus, the investigators here fulfilled their responsibility "to take the defendant without unnecessary delay before a magistrate judge."  Fed. R. Crim. Proc. 5(a)(1)(A).

   Notwithstanding such compliance, the delay in the defendant's arraignment was reasonable even if it had been occasioned by the investigators – which it was not.   Although the complaint against the defendant was filed expeditiously, it was filed on a Friday afternoon.  The logistics of arranging for an initial appearance on Friday afternoon would have proved impossible.  Among other things, pre-trial services needed to interview the defendant, prepare a report, and the court system needed to find a Laotian interpreter.  Neither the Court, pre-trial services, nor an interpreter were available over the weekend.  Such weekend unavailability has been held to be reasonable by the Ninth Circuit.  <u>United States v. Van Poyck</u>, 77 F3d 285, 289 (9th Cir. 1996) ("We therefore now explicitly hold what we have

implicitly understood all along: An overnight or weekend delay in arraignment due to the unavailability of a magistrate does not by itself render the delay unreasonable under § 3501(c).").

Therefore, investigators, acting in reliance upon a conversation they had with the U.S. Marshal's Office on Friday, picked up the defendant for court on the following Monday, believing that her initial appearance was set for that day. Investigators did not question the defendant. Nevertheless, the defendant made several statements during her transport to court, which are summarized in Exhibit D. When the investigators arrived at federal court, they learned that an interpreter had not been secured until the following day, and transported the defendant back to the Anchorage Jail. A delay due to unavailability of an interpreter has been found to be reasonable by several courts. See United States v. Pham, 815 F. Supp. 1325, 1331 (N.D. Cal. 1993) (defendant arrested on Saturday; delay of initial appearance until Tuesday due to unavailability of interpreter was reasonable); United States v. Beltran, 761 F.2d 1, 8 (1st Cir. 1985) (delay caused by unavailability of interpreter was reasonable).

In any event, this was not a case where the investigators intentionally postponed arraignment so they could interrogate the defendant. The investigators acted properly in all respects. Thus, no public policy would be advanced by

*U.S. V. KOUNDUANGTA*
Case No. 3:06-00018-JWS-JDR            Page 6 of  9

excluding the defendant's statements. See Van Poyck, 77 F.3d at 290 (statements made by defendant while being transported to his delayed initial appearance mot suppressible, where investigators did not occasion such delay in order to interrogate the defendant, thus no public policy would be served by exclusion).

II. **THE DEFENDANT'S STATEMENT WAS NOT THE PRODUCT OF INTERROGATION AND THEREFORE FALLS OUTSIDE THE AMBIT OF 18 U.S.C. § 3501(c).**

The defendant's basis for seeking exclusion of her statement is 18 U.S.C. § 3501(c), which essentially provides that a confession made pre-arraignment is admissible so long as it is voluntarily given and any delay in bringing the defendant before the magistrate judge was reasonable. However, defendant ignores the exception set forth in very next paragraph of the statute:

> (d) Nothing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person <u>without interrogation by anyone</u>, or at any time at which the person who made or gave such confession was not under arrest or other detention.

18 U.S.C. § 3501(d) (emphasis added). In the case at bar, there was simply no interrogation, nor was any statement made by the investigators calculated to elicit an incriminating response. Rather, the defendant persisted in talking in the back of the transport vehicle on the way to court. Such spontaneous statements neither run afoul of Miranda nor 18 U.S.C. § 3501. See, e.g., United States v. Bailey, 728

F.2d 967 (7th Cir. 1984) (denying suppression of voluntary statement based on 18 U.S.C. § 3501(d) without evidentiary hearing); <u>United States v. Booth</u>, 669 F.2d 1231, 1237 (9th Cir. 2000); <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301-302. (1980) (because "the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of the police officers that they should have known were reasonably likely to elicit an incriminating response.").

Finally, the defendant's motion appears to be premature. As 18 U.S.C. § 3501 makes clear, the determination of whether a statement is rendered involuntary by pre-arraignment delay is an evidentiary question to be decided by the trial judge. <u>See</u> 18 U.S.C. § 3501(c) (confession is admissible "if such confession is found <u>by the trial judge</u> to have been made voluntarily and if the weight to be given the confession is left to the jury . . .) (emphasis added). Thus, it appears the defendant's motion is more appropriately raised as a motion <u>in limine</u> before trial. Accordingly, the Court should deny the defendant's motion as premature.

## CONCLUSION

For all the above reasons, the United States respectfully submits that the defendant's motion to suppress evidence should be denied without a hearing.

Here, the pre-arraignment delay was both reasonable and not occasioned by the investigators. Notwithstanding such delay, the defendant's statements to investigators were spontaneous and thus admissible. In the alternative, the United States submits that the defendant's motion is premature and is more properly raised in the form of a motion in limine before trial.

RESPECTFULLY SUBMITTED this 23rd day of March, 2006 in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska 99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 23, 2006, via:

    (X) Electronic case filing notice

Kevin McCoy, Esq.

s/ Frank V. Russo