UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  vs.<br><br>KANHA  KOUNDUANGTA,<br><br>    Defendant. | 3:06-cr-00018-JWS-JDR<br><br>**ORDER ON DEFENDANT'S<br>MOTION TO APPEAR IN<br>COURT WITHOUT SHACKLES**<br><br>(Docket Entries 26, 28) |

Defendant Kahna Kounduangta requests this court to order that she be allowed to appear at all future court appearances unshackled. Docket entry 26. The motion is opposed by the government at docket entry 44. The defendant requests a hearing, docket entry 28. The court determines that the issue is sufficiently briefed so that oral argument is unnecessary. The defendant's request for an evidentiary hearing is unsupported, and no material facts have been presented warranting the taking of evidence. For reasons stated below, the defendant's motion to appear without shackles lacks merit.

The defendant is presently in custody awaiting trial by jury. The defendant relies upon United States v. Howard, 429 F.3d 843 (9th Cir. 2005) wherein the court of

appeals addressed the due process implications of a blanket shackling policy for pretrial detainees. The court held that the court should require the government to establish the need for such policy to assure that it is reasonably related to a legitimate goal. The government's response in this instance is twofold. First, it argues that in this particular case the defendant is presumed to be a flight risk by virtue of the potential penalty for a drug charge of attempting possession with intent to distribute 500gm or more of a mixture or substance containing a detectable amount of methamphetamine, and 50gm or more of actual methamphetamine in violation of 21 U.S.C. §§841(b)(1)(A) and 846. *See*, 18 U.S.C. §3142(e). Trial by jury is presently set for May 2, 2006. The defendant has not overcome this presumption at a detention hearing.

Secondly, the government relies upon the court's approval of the U.S. Marshal's shackling policy. *See*, letter to Randy M. Johnson, U.S. Marshal, dated December 8, 2005, from Chief Judge John W. Sedwick, exh. B to the government's opposition. The marshal's policy and the court's approval address the use of leg restraints on persons in custody when they appear in court for proceedings when a jury is not present. This policy adequately addresses the due process concerns of the defendant in the instant case. The style of the defendant's motion is directed to appearances at court hearings. I read the motion to be limited to hearings outside of a jury's presence. Felony jury trials are conducted in courtrooms on a different floor of the courthouse, and the concerns of the parties may be different when an appearance before a jury is addressed. I conclude that the defendant's due

3-06-cr-00018-JWS-JDR KOUNDUANGTA @26,28 Order Re Mtn-Shackles.wpd                                    2

ORDER @26,28 Re Mtn to Appear w/o Shackles
3-06-cr-00018-JWS-JDR            Signed by Judge John D. Roberts            04/18/2006; Page 2 of 3

process rights are not violated in the instant case when she is brought in shackles before a judicial officer for pretrial hearings based upon the defendant's particular bail status and the U.S. Marshal's policy. The defendant's motion at docket entry 28 is hereby denied. This ruling does not address defendant's appearance in court for any jury trial.

DATED this 18th day of April, 2006, at Anchorage, Alaska.

       /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

3-06-cr-00018-JWS-JDR KOUNDUANGTA @26,28 Order Re Mtn-Shackles.wpd    3

ORDER @26,28 Re Mtn to Appear w/o Shackles
3-06-cr-00018-JWS-JDR    Signed by Judge John D. Roberts    04/18/2006; Page 3 of 3