Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>KANHA KOUNDUANGTA,<br><br>          Defendant. | NO. 3:06-cr-0018-JWS<br><br>**KANHA KOUNDUANGTA'S BRIEF IN SUPPORT OF HER APPEAL FROM THE ORDER AT DOCKET NO. 47** |

**I.    Introduction.**

　　　　Kanha Kounduangta submits this brief in support of her appeal from the Magistrate Judge's Order denying her request to appear at all court hearings in this matter without shackling.

## II. Background.

On March 16, 2006, Ms. Kounduangta timely filed a motion for order requiring that she appear at all court hearings without shackles. *See* Docket No. 26. In conjunction with that motion and pursuant to *United States v. Howard*, 429 F.3d 843 (9th Cir. 2005), she asked that the matter be calendared for an evidentiary hearing.

The government opposed Ms. Kounduangta's request to appear at all hearings unshackled by arguing that its charges established a presumption that she was a flight risk and a danger to the community. In addition, the government argued that the district-wide shackling policy was justified by correspondence between the Marshals' Service and the court which it appended to its late-filed opposition.

## III. The Magistrate Judge Erred By Denying Ms. Kounduangta's Request For An Evidentiary Hearing.

The Magistrate Judge's order recites that "the defendant's request for an evidentiary hearing is unsupported and no material facts have been presented warranting the taking of evidence." This analysis is mistaken.

Here is why. Until the government filed its response, Ms. Kounduangta had absolutely no information about why all defendants, regardless of their charges or criminal histories, are required to appear before the court in shackles if they remain in custody.

An evidentiary hearing would establish the following:

- in the last 10 years, no prisoner has escaped from the courthouse within the District of Alaska while in Marshals' custody;

- in the last 10 years, no prisoner has escaped from a courtroom within the District of Alaska while in Marshals' custody;

- for the last 10 years, there have been security guards posted outside the entrance to all public passageways leading to courtrooms in the District of Alaska;

- in the last 10 years, no prisoner has assaulted a prosecutor in a courtroom in the District of Alaska while in Marshals' custody;

- in the last 10 years, no prisoner has assaulted defense counsel in a courtroom in the District of Alaska while in Marshals' custody;

- in the last 10 years, no prisoner has assaulted a witness in a courtroom in the District of Alaska while in Marshals' custody;

- in the last 10 years, no prisoner has assaulted a complaining witness in a courtroom in the District of Alaska while in Marshals' custody;

- in the last 10 years, with one exception, no prisoner has assaulted a Magistrate Judge or a District Judge in a courtroom in the District of Alaska while in Marshals' custody;

- nearly 10 years ago, a woman prisoner hurled a water pitcher at Judge Holland after receiving a mandatory minimum sentence for a drug offense; this was an isolated event; the water pitcher was located on the table in front of the woman and it is doubtful that leg shackles would have prevented the woman from hurling the water pitcher; regardless, the leg shackling policy was not instituted until years after this event;

- in the last 10 years, no prisoner subject to a state court detainer has escaped from a courtroom in the District of Alaska while in Marshals' custody;

- in the last 10 years, no prisoner subject to an immigration detainer has escaped from a courtroom in the District of Alaska while in Marshals' custody.

The letter relates other incidents. However, all of these incidents occurred outside the courtroom. And, of course, Ms. Kounduangta's application relates only to appearances before the court; not the manner in which persons are moved to and from the courtroom. Resolution of this

motion requires an evidentiary hearing. *Center Art. Galleries - Hawaii, Inc.*, 875 F.2d 747, 754 (9th Cir. 1989); *cf. United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995) (where this court discusses the importance of live testimony to resolve factual disputes).

### IV. The Magistrate Judge Erred By Denying Ms. Kounduangta's Motion To Appear Without Shackles Because The Record Does Not Support The Policy.

Clearly, the shackling policy impinges on Ms. Kounduangta's freedom and on her ability to communicate. As the court explained in *United States v. Howard*, 429 F.3d 843, 851 (9th Cir. 2005):

> Shackling a defendant in any judicial proceeding can have negative effects. The Supreme Court has stated that "the use of [shackles and restraints] is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold. Moreover, the Supreme Court has expressed concern that restraints could greatly reduce the defendant's ability to communicate with his counsel. This court has noted that shackling may confuse and embarrass the defendant thereby impairing his mental faculties. Shackling may also cause the defendant physical and emotional pain.

[Citations Omitted]

The *Howard* court requires a showing that a policy that diminishes the decorum of the court and that impinges of a defendant's freedoms and on a defendant's ability to communicate with counsel must be justified. Ms. Kounduangta respectfully submits that the correspondence between the Marshals' Service and Court does not justify the Marshals' district-wide shackling policy of all in-custody defendants.

V.      **Conclusion.**

For all these reasons, Ms. Kounduangta asks that the order at Docket No. 47 be reversed and that the district-wide shackling policy be vacated. Such a ruling would not preclude shackling upon applications based on facts particular to individual cases.

DATED at Anchorage, Alaska this 21st day of April 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org