**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br><br>        vs.<br><br>KANHA KOUNDUANGTA,<br><br>                    Defendant. | 3:06-cr-00018-HRH-JDR<br><br>**<u>RECOMMENDATION<br>REGARDING THIRD MOTION TO<br>SUPPRESS and REQUEST FOR<br>FRANKS HEARING</u>**<br><br>(Docket Entries 29 & 31) |

Defendant Kanha Kounduangta moves this court to suppress all evidence seized as a result of a warrant authorizing the search of a UPS parcel addressed to Gina Johnson, tracking no. 1Z402EW2016283572, on grounds that the search warrant violated the Fourth Amendment.  Docket entry 29.  The motion is opposed by the government.  Docket entry 36.  The defendant has also requested

the court to hold a <u>Franks</u> hearing on grounds that the affiant recklessly omitted material facts to the probable cause determination from the affidavit.[1]  Docket entry 31.  The defendant submitted a supplemental offer of proof in support of her <u>Franks</u> hearing request at docket entry 49.  The request for a <u>Franks</u> hearing is opposed by the government.  Docket entry 36.  For reasons stated below, I conclude that the defendant has not made a sufficient showing for a <u>Franks</u> hearing, and the motion to suppress evidence lacks merit.

### Factual Background

On February 9, 2006, investigators assigned to the Alaska Interdiction Task Force visited the United parcel Service (UPS) facility in Anchorage, Alaska, conducting an interdiction operation.  Agent Hollingshead observed a UPS next day air package that was heavily taped at all seams.  Agent Hollingshead conducted an investigation and then applied for a search warrant to search a UPS parcel addressed to Gina Johnson, tracking no. 1Z402EW2016283572, then in the custody of the Drug Enforcement Administration.  The magistrate judge issued warrant no. 3:06-mj-031-JDR on February 9, 2006, to search for controlled substances as evidence of a drug trafficking crime.   SA Hollingshead's affidavit contained boilerplate allegations about drug traffickers and then stated facts specific to his search investigation.   The defendant contends that the warrant application

---

[1] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

established only a bare suspicion that the parcel contained fruits of evidence of a drug trafficking crime.

## Discussion

### Standing

The government's first argument is that the defendant has failed to establish standing in order to move to suppress evidence seized as a result of the search warrant. The government argues that the defendant lacks an objective expectation of privacy in the parcel that was neither addressed to her or sent by her. The package is not addressed to the defendant, nor does she claim to have used that name as an alias, or that she was the sender or intended recipient of the package.

Merely alleging that one has a possessory interest in the item is insufficient to demonstrate standing. United States v. Zermeno, 66 F.3d 1058, 1061 (9th Cir. 1995). As the Zermeno court explained "legal possession of a seized good [is not] a substitute for a factual finding that the owner of the good had a legitimate expectation of privacy in the area searched." 66 F.3d at 1061, citing, United States v. Salvucci, 448 U.S. 83, 92 (1980). In order to have standing to challenge the legality of a search on Fourth Amendment grounds a defendant must have a "legitimate expectation of privacy" in the place searched. Rakas v. Illinois, 439 U.S.

128 (1978).  The burden is on the defendant to establish a legitimate expectation of privacy.  Rawlings v. Kentucky, 448 U.S. 98, 104 (1980).

"Possession of a seized good [is not] a substitute for a factual finding that the owner of the good has a legitimate expectation of privacy in the area searched."  United States v. Salvucci, 448 U.S. 83, 92 (1980).  The defendant cannot rely upon the government's allegations in the pleadings to establish standing.  United States v. Singleton, 987 F.2d 1444, 1449 (9th Cir. 1993).  Nor is the status as a co-conspirator enough to confer standing for Fourth Amendment purposes.  United States v. Padilla, 508 U.S. 77, 81 (1993).

A defendant who is neither the sender nor the addressee of a package has no privacy interest in it, and thus no standing to assert Fourth Amendment objections to its search.  United States v. Pierce, 959 F.2d 1297, 1303 (5th Cir. 1992); United States v. Givens, 733 F.2d 339, 341-42 (4th Cir. 1984).  The Givens court explained that once law enforcement officers have arranged for the opening of the mailed package, it is as though the cocaine had been found in plain view.  Id. "[A] defendant can claim no legitimate expectation of privacy in drugs found in plain view, regardless of whether he has any ownership interest in the contraband."  Id. See also, United States v. Koenig, 856 F.2d 843, 846 (7th Cir. 1988).  The fact that the defendant is charged as a co-conspirator, without more, is not enough to confer standing on her Fourth Amendment challenge.  United States v. Padilla, 508 U.S.

77, 81 (1993).  Because the defendant has not met her burden of showing that she had a legitimate expectation of privacy in the package, she had no standing to contest the search warrant authorizing a search of the package.

### Sufficiency of Warrant Affidavit

Even if the defendant could show standing to bring her motion to suppress, the warrant affidavit was sufficient to establish probable cause.  Illinois v. Gates, 462 U.S. 213, 246 (1983) establishes that a probable cause determination requires only a "fair probability" that the thing sought will be found in the item to be searched.  The issuing magistrate's responsibility is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there was a fair probability that evidence of an offense, here a drug-trafficking offense would be found in the parcel.  Id. at 283.

Agent Hollingshead's affidavit explains the significance of factors set forth in the affidavit which individually may be innocent, but collectively they are consistent with that of a package mailed by a drug trafficker in his experience as an investigator.  UPS next day air package and heavy taping at the seams is consistent with drug traffickers who seek to avoid law enforcement K-9 scent detection.  The parcel was sent from a UPS store in Vancouver, Washington, where the shipper paid $70 cash to ship the parcel to Alaska vial "next day air."  According to his affidavit, Agent Hollingshead knew that drug suppliers typically pay shipping charges in cash

to avoid paper trails and frequently ship drugs person-to-person from shipping outlets.

The agent investigated the purported sender and addressee of the package by checking with unspecified law enforcement databases, and he found no record of a "Gina Johnson" living at 9499 Brayton Drive, Space 94. He did find a "Nou Vondong" using the address as of July 5, 2005. The phone number listed for the addressee on the package, (907) 884-8341, was a telephone number for a cellular telephone. The agent found no record of a "Jason Tourn" in the entire State of Washington. The telephone number listed on the return address came back to a Kim Hong-Brett. The agent tried to call that number, and the number was answered by the sound of a fax machine or computer modem.

The affidavit explains that all the seams of the parcel were covered with brown paper wrapping and that both ends were heavily taped with clear packaging tape. Heavy taping may be observed in the photograph at tab E to the third motion to suppress evidence.

Agent Hollingshead had experience investigating drug traffickers who frequently use fictitious names on parcels and list phone numbers on packages that are either non-existent or correspond to a cell phone. He knew the State of Washington to be a major drug source region for the State of Alaska. The agent had a suspicious package which appeared to be addressed to someone who did not live

at the delivery address, sent by someone who did not live in the sending State, with a contact number that could not readily be called.

Agent Hollingshead had the package submitted to a K-9 handler who related that the dog did not alert to the presence of controlled substances in the package. The court was informed of this result in the affidavit. Agent Hollingshead knew that drug traffickers may attempt to mask the odors that emanate from controlled substances and that some controlled substances have no odor whatsoever. Drug detection dogs are not 100 percent accurate in determining whether a package contains a controlled substance.

The government has listed ten indicators described in the agent's affidavit that led him to believe that the package contained narcotics. *See*, opposition to defendant's third motion to suppress evidence, docket entry 36, p. 11. There is ample evidence for a neutral magistrate to conclude that there was a reasonable probability that the package contained a controlled substance.

### Request for <u>Franks</u> Hearing

Even if the defendant were able to establish standing to challenge the search warrant, she has not made a substantial preliminary showing for a <u>Franks</u> hearing. To meet that burden, the defendant must show that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the alleged false

information.  United States v. Reeves, 210 F.3d 1041, 1044 (9th Cir. 2000).  In her

initial request for a Franks hearing, the defendant points to four omissions.

She claims that agent Hollingshead did not identify the databases he

used to attempt to locate "Jason Tourn" and "Gina Johnson."  The defendant has not

put forth any evidence that Jason Tourn and/or Gina Johnson could be found at such

addresses using any database.  Therefore, the omission of that information does not

appear to be material.  The defendant complains that the affidavit fails to state when

the parcel was intercepted.  The affidavit states the date; the exact time of day does

not appear to be relevant to the probable cause determination.

The fact that the affidavit could have included more information does not

render it deficient.  For example, the defendant faults the affiant for not indicating

what he meant by "heavily taped."  The defendant claims that the parcel was neatly

wrapped and not heavily taped.  For purposes of this identifier, the photo of the

package at issue which was provided with the affidavit sufficiently shows that it was

heavily taped in a manner that would tend to mask any odor coming from within.

The legality of the wrapping is not questioned.  An apparent attempt to wrap a

package in a manner that would make canine detection less likely is a factor for

consideration in determining the presence of probable cause.  Whether the tape is

plastic or clear or used by many users of the UPS or postal service is immaterial to

the probable cause issue.  The fact that many people heavily tape their packages

sent to or from Alaska to the lower 48 States is of no moment.  Nor is the fact that the guidelines for UPS shipping recommend clear tape like that used on the package in question is not significant.

As stated above most all of the indicators may have an innocuous use, but it is the assessment made by the issuing magistrate upon considering the totality of the circumstances that must be considered.  The inclusion of the boilerplate information offers an explanation of how the factors coincide with identifiers of packages sent by drug traffickers.

The absence of reference in the affidavit to the ubiquitous nature of cell phones in America borders on the frivolous.  The percentage of American adults reportedly owning cell phones (defendant cites 62 percent as of 2002) misses the point.  Cellular phones may be used legally or to engage in unlawful conduct.  It is but one factor for consideration in the totality of circumstances supporting Officer Hollingshead's application for a search warrant.  The omission of the fact that some telephone fax machines have modems allowing a fax machine to automatically switch to a fax mode after a designated number of rings is likewise a matter of common knowledge.  The omitted information is not material to an assessment of the presence of probable cause needed for issuing the search warrant.  The assessment is not based upon a single indicator by itself, but rather the multiple indicators rendering the package suspicious and triggering the investigation.

The defendant has submitted a supplemental offer of proof in support of her Franks hearing request.  *See*, docket entry 49 filed April 20, 2006.  This offer of proof was made after the government's opposition was filed and filed without permission from the court.  Essentially, it is an untimely submission that may be rejected on that ground alone.  In the offer of proof, the defendant states that a telephone call to the UPS store in Vancouver, Washington, where the package was mailed, would have revealed that it had been sent by Jason Kourn and not by Jason Tourn.  In addition, the defendant states that the practice of the UPS store was to use "the store address" rather than the sender's address in filling out the UPS second day air shipping label.

The search warrant affiant is not required to conduct such additional investigation before seeking a search warrant.  The offer of proof does not suggest that the agent knew this information but recklessly or willfully omitted it.  Moreover, even the parcel shipping order furnished by the UPS store to the defendant's investigator does not indicate that the parcel was mailed to or by defendant Kounduangta.  It is not the agent's task to establish the truth of each of his assessments or facts based upon his investigation with absolute certainty.  The question is whether based on the totality of the circumstances it is reasonable to conclude that evidence may be found in the location sought to be searched by the agent.  The supplemental offer of proof does not meet the burden to require a

3-06-00018-HRH-JDR KOUNDUANGTA @29-31 RR 3rd Mtn to Suppress & Franks Hrg.wpd

10

3-06-cr-00018-HRH-JDR          RR @29&31 3rd Mtn to Suppress/Franks Hrg
Signed by Judge John D. Roberts          05/08/2006; Page 10 of 12

<u>Franks</u> hearing.  She has not made a substantial showing that the affidavit omitted facts required to prevent technically true statement in the affidavit from being misleading.

For the foregoing reasons, the defendant's third motion to suppress evidence should be denied without a <u>Franks</u> hearing.  IT IS SO RECOMMENDED.


DATED this <u>8th</u> day of May, 2006, at Anchorage, Alaska.


  John D. Roberts             
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Wednesday, May 10, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187-1189 (9th Cir.), <u>cert</u>. <u>denied</u>, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and

3-06-00018-HRH-JDR KOUNDUANGTA @29-31 RR 3rd Mtn to Suppress & Franks Hrg.wpd                    11

3-06-cr-00018-HRH-JDR      RR @29&31 3rd Mtn to Suppress/Franks Hrg
Signed by Judge John D. Roberts     05/08/2006; Page 11 of 12

authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Thursday, May 11, 2006**.   The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  <u>See</u> <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).

3-06-00018-HRH-JDR KOUNDUANGTA @29-31 RR 3rd Mtn to Suppress & Franks Hrg.wpd

12

3-06-cr-00018-HRH-JDR                    RR @29&31 3rd Mtn to Suppress/Franks Hrg
                                         Signed by Judge John D. Roberts          05/08/2006; Page 12 of 12