Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KANHA KOUNDUANGTA,<br><br>        Defendant. | NO. 3:06-cr-0018-HRH<br><br>**KANHA KOUNDUANGTA'S PROPOSED JURY INSTRUCTIONS** |

        Kanha Kounduangta proposes the following jury instructions for use at trial.  Ms. Kounduangta's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.), and are set out in abbreviated form below.

        Ms. Kounduangta proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

## PRELIMINARY INSTRUCTIONS

1.1   Duty of Jury

1.2   The Charge – Presumption of Innocence

1.3   What is Evidence

1.4   What is not Evidence

1.5   Evidence Admitted for Limited Purpose

1.7   Rulings on Objections

1.8   Credibility of Witnesses

1.9   Conduct of the Jury

1.11  Taking Notes

1.12  Outline of Trial

1.13  Jury to be Guided by Official English Translation/Interpretation

## INSTRUCTIONS DURING TRIAL

2.1   Cautionary Instruction – First Recess

2.2   Bench Conferences and Recesses

2.9   Foreign Language Testimony

## INSTRUCTIONS AT END OF CASE

3.0   Cover Sheet

3.1   Duty of Jury to Find Facts and Follow Law

    3.2.    Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

    3.6    What is Evidence

    3.7    What is not Evidence

    3.9    Credibility of Witnesses

    3.18    Possession – Defined

    3.20    Jury to be Guided by Official English Translation

## CONSIDERATION OF PARTICULAR EVIDENCE

    4.1    Statements by Defendant

## JURY DELIBERATIONS

    7.1    Duty to Deliberate

    7.2    Consideration of Evidence

    7.3    Use of Notes

    7.6    Communication with Court

Ms. Kounduangta requests the following instruction from Volumes I A of O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.):

    12.10    Presumption of Innocence, Burden of Proof, and Reasonable Doubt

In addition, Ms. Kounduangta proposes the following additional instructions, attached hereto, and reserves the right to submit additional proposed instructions as warranted at the close of all evidence.

Dated at Anchorage, Alaska this 15th day of May 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on May 15, 2006,
a copy of ***Kanha Kounduangta's Proposed Jury Instructions*** was served electronically on:

Karen Loeffler
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

and a copy was hand delivered to:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

s/Kevin F. McCoy

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. A

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against her. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. B**

The defendant is charged in the indictment with attempted possession of methamphetamine with intent to distribute in violation of Sections 841(a) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly intended to possess 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine with the intent to deliver it to another person;

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of possession of methamphetamine with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person with or without any financial interest in the transaction.

**Authority:**
> The Indictment at Docket 15;
> Ninth Circuit Model 9.14 (modified);
> Ninth Circuit Model 5.3;
> Ninth Circuit Model 9.13;
> *Apprendi v. New Jersey*, 530 U.S. 466 (2000);
>
> *But see United States v. Toliver*, 351 F.3d 423, 433 (9th Cir. 2003) (defendant charged with importing or possessing a drug is not required to know the drug type or the amount of the drug); and,
>
> *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002) (same).

## DEFENDANT'S PROPOSED INSTRUCTION NO. C

The defendant is charged in the indictment with attempted possession of methamphetamine with intent to distribute in violation of Sections 841(a) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly intended to possess a controlled substance with the intent to deliver it to another person, with all of you agreeing as to the controlled substance involved;

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Third, that the controlled substance was 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine

Mere preparation is not a substantial step toward the commission of possession of methamphetamine with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person with or without any financial interest in the transaction.

**Authority:**
The Indictment at Docket 15;
Ninth Circuit Model 9.14 (modified);
Ninth Circuit Model 5.3;
Ninth Circuit Model 9.13;
*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## DEFENDANT'S PROPOSED INSTRUCTION NO. D

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all other evidence, in deciding whether the defendant acted knowingly.

A person who is not actually aware of a fact does not act with knowledge of that fact even though a reasonable person in the same situation as the defendant would likely have been aware of that fact. Knowledge is based on a person's actual subjective awareness, not what he or she ought to have been aware of.

**Authority:**   Ninth Circuit Model Instruction No. 5.6 (Modified);

*United States v. MacDonald & Watson Waste Oil Co.*, 933 F.2d 35, 51 (1st Cir. 1991).

## DEFENDANT'S PROPOSED INSTRUCTION NO. E

A person who is not actually aware of a fact does not act with knowledge of that fact even though a reasonable person in the same situation as defendant would likely have been aware of that fact. Knowledge is based on a person's actual subjective awareness, not what he or she ought to have been aware of.

**Authority:** *United States v. MacDonald & Watson Waste Oil Co.*, 933 F.2d 35, 51 (1st Cir. 1991).