DEBORAH M. SMITH
Acting United States Attorney

KAREN LOEFFLER
Assistant U.S. Attorney
DAVID NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.3:06-cr-0018-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **PROPOSED JURY** |
| vs. | ) | **INSTRUCTIONS** |
| | ) | |
| KANHA KOUNDUANGTA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through its counsel and requests that the Court instruct the jury in accordance with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2005 Edition), unless otherwise indicated, and from the separate

instructions attached hereto, as well as those, if any, to be submitted under separate cover.

## **Preliminary instructions**

1.1         Duty of Jury

1.2         The Charge - Presumption of Innocence

1.3         What is Not Evidence

1.4         What is Evidence

1.5         Evidence for Limited Purpose

1.6         Direct and Circumstantial Evidence

1.7         Ruling of Objections

1.8         Credibility of Witnesses

1.9         Conduct of the Jury

1.10       No Transcript Available to Jury

1.11       Taking Notes

1.12       Outline of Trial

## **Instructions in the Course of Trial**

2.1         Cautionary Instruction - First Recess

2.2         Bench Conference and Recesses

2.5         Judicial Notice

2.10        Other Crimes, Wrongs, or Acts of Defendant

**Instructions at End of Case**

3.1        Duties of Jury to Find Facts and Follow Law

3.2        Charge Against Defendant Not Evidence, Presumption

            of Innocence, Burden of Proof

3.3        Defendant's Decision not to Testify

3.4        Defendant's Decision to Testify

3.5        Reasonable Doubt - Defined

3.6        What is Evidence

3.7        What is Not Evidence

3.8        Direct and Circumstantial Evidence

3.9        Credibility of Witnesses

3.10        Evidence of Other Acts of Defendants or Acts and

            Statements of Others

3.11        Activities Not Charged

3.18        Possession- defined

## Consideration of Particular Evidence

4.1          Statements by Defendant

4.3          Other Crimes, Wrongs, or Acts of Defendant

4.14        Eyewitness Identification

4.17        Opinion Evidence, Expert Witness

## Responsibility

5.1          Aiding and Abetting

5.6          Knowingly - Defined

5.7          Deliberate Ignorance

## Jury Deliberations

7.1          Duty to Deliberate

7.2          Consideration of Evidence

7.3          Use of Notes

7.4          Jury Consideration of Punishment

7.5          Verdict Form

## Specific Offense Instructions

9.14        Controlled Substance - Attempted Possession with Intent to

             Distribute

RESPECTFULLY SUBMITTED this day, 15th day of May, at Anchorage,

Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Karen Loeffler
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on
a copy of the foregoing Notice of Attorney
Appearance was sent electronically to Kevin McCoy

s/ Karen Loeffler

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Defendants VICTOR MANUEL ASTORGA, ALEJANDRO, JUAN JOSE CARDENAS-AGUAYO, and OMAR SALAZAR-CARDENAS, are charged in Count 1 of the indictment with conspiring to commit the following offense against the United States:

To distribute, and to possess with intent to distribute, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)(A).

In order for the defendants to be found guilty of this conspiracy charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at some exact time unknown, but at least on or about June 22, 2005, there was an agreement between two or more persons to commit the crime charged in the indictment;

Second, the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, that the conspiracy involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more

persons who are conspirators, nor merely by knowing that a conspiracy exists. The government is not required to prove that the defendant himself personally did one of the overt acts.

9th Cir. Manual of Model Jury Instructions, Criminal § 8.16 modified by 21 U.S.C. 846 and 841(a)(1)(A).

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1

(Jury's duty regarding forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendants are guilty of Conspiracy to distribute, and possess with intent to distribute, cocaine as charged in Count 1, you have one more task to perform before you are discharged.

What you must now decide is whether the defendant must forfeit certain property which the government claims is subject to forfeiture to the United States because of its connection to his drug trafficking activities.

Under federal law, any person who is convicted of a drug violation shall forfeit to the United States

(1) any property constituting or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . . .")

Proceeds of drug trafficking include any monies or other property that a defendant obtained, directly or indirectly, as the result of his drug trafficking violations.  Proceeds includes the total amount of gross proceeds obtained by the defendant as the result of his drug trafficking and is not reduced by any amounts

the defendant paid for the drugs he later sold or for any other costs or expenses he incurred.

Property that facilitated drug trafficking is any property used, or intended to be used, in any substantial way to promote drug trafficking or make such trafficking easier to conduct.  This includes property that is used or intended to be used to purchase or manufacture controlled substances, or to transport, store, conceal, or protect drug traffickers or their controlled substances.  Property need not be indispensable to the commission of the drug violation and need not be used exclusively for illegal drug trafficking, to be facilitating property.  All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the drug violation.  If a portion of the property is used in any way to facilitate drug trafficking, then the entire property is forfeitable.

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited  to the United States in each drug violation count of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of a drug violation is final, conclusive, and binding.  Because you are bound

by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any drug violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

21 U.S.C. § 853(a);  Fed.R.Crim.P. 32.2(b)(1)

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2

(Government's burden of proof regarding forfeiture)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do <u>not</u> apply to your deliberations and verdicts regarding forfeiture.  In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property is the proceeds of the drug violation or facilitated the drug violation.  The government is <u>not</u> required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property is proceeds of the drug violation or facilitated the drug violation, it must prove that it is more likely than not that the property was such property.  In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the property is the proceeds of the drug violation or facilitated the drug violation. Your job is to determine whether it is more likely than not that the property is the proceeds of the drug violation or facilitated the drug violation.  For purposes of deciding whether property is the proceeds of a drug violation, if the United States

proves that property was acquired by the defendant during the period of the

violation or within a reasonable time after such period and there was no likely

source other than the violation for the property, you may presume that the property

is proceeds or traceable to proceeds of that violation.  You may presume this even

if the United States has presented no direct evidence to trace the property to drug

proceeds.  You are not required to make this presumption.  A defendant may

present evidence to rebut this presumption but is not required to present any

evidence.

_____

Libretti v. United States, 116 S.Ct. 356, 363 (1995) (§ 853 - criminal forfeiture is
part of sentencing)
21 U.S.C. § 853(d) - rebuttable presumption
**18 U.S.C. § 982**
United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998),  cert. denied, 120
S.Ct. 986 (2000) (§ 982 - preponderance)
United States v. Voigt, 89 F.3d 1050, 1084 (3d Cir.), cert. denied, 117 S.Ct. 623
(1996)
(§ 982 - preponderance; RICO - beyond a reasonable doubt)
United States v. Myers, 21 F.3d 826, 829 (8th Cir. 1994), cert. denied, 115 S.Ct.
742 (1995)
(§ 982 and § 853 - preponderance)
United States v. Rutgard, 116 F.3d 1270, 1293 (9th Cir. 1997) (§ 982 -
preponderance)

**21 U.S.C. § 853**
United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999), cert. denied, 121
S.Ct. 77 (2000)
(§ 853 - preponderance)

United States v. Layne, 192 F.3d 556, 575 (6th Cir. 1999), cert. denied, 120 S.Ct. 1443 (2000)
(§ 853 - preponderance)

United States v. Garcia-Guizar, 160 F.3d 511, 522-23 (9th Cir. 1998) (§ 853 - preponderance)

United States v. Patel, 131 F.3d 1195, 1200 (7th Cir. 1997) ( § 853 preponderance)

United States v. Rogers, 102 F.3d 641, 648 (1st Cir. 1996), cert. denied, 118 S.Ct. 203 (1997)
(§ 853 - preponderance)

United States v. Tanner, 61 F.3d 231, 234-35 (4th Cir. 1995), cert. denied, 116 S.Ct. 925 (1996)
(§ 853 - preponderance)

United States v. Bieri, 21 F.3d 819, 822 (8th Cir.), cert. denied, 115 S.Ct.208 (1994)
(§ 853 - preponderance)

United States v. Ben-Hur, 20 F.3d 313, 317 (7th Cir. 1994) (§ 853 - preponderance)

United States v. Elgersma, 971 F.2d 690, 697 (11th Cir. 1992) (§ 853 - preponderance)

United States v. Smith, 966 F.2d 1045, 1052-53 (6th Cir. 1992) (§ 853 - preponderance)

United States v. Herrero, 893 F.2d 1512, 1541-42 (7th Cir.), cert. denied, 110 S.Ct. 2623 (1990) (§ 853 - preponderance)

United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989), cert. denied, 110 S.Ct. 3237 (1990) (§ 853 -  preponderance)

United States v. Sandini, 816 F.2d 869, 875-76 (3d Cir. 1987) (§ 853 - preponderance)

South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767, 778 (6th Cir. 1970), cert. denied, 402 U.S. 983 (1971) (definition of "preponderance of the evidence")

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3** (Jury

may consider trial evidence as well as any additional evidence presented on the

issue of forfeiture)

      While deliberating, you may consider any evidence, including testimony,

offered by the parties at any time during this trial.

---------------

United States v. Sandini, 816 F.2d 869, 873-74 (3d Cir. 1987) (issues of culpability
and forfeitability should be determined in the same trial, but the jury should not
consider the special forfeiture verdict until after it has convicted the defendant)
United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998), cert. denied, 120
S.Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you
may consider any evidence offered by the parties before your previous
deliberations")

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

(Money judgment)

Under federal law, any person who is convicted of a drug violation is required to forfeit to the United States any proceeds of the violation and any property that facilitated the violation, whether or not that property has been or can be seized by the government. The government is not required to prove that the monies obtained by the defendant as a result of the drug violation are still in the defendant's possession. Rather, the government is only required to prove that the defendant obtained proceeds and that those proceeds were derived from his drug violations, even if no specific assets are identified into which those proceeds are traced. The same is true for facilitating property; the government need not prove that it is still in the defendant's possession.

Thus, the government is entitled to a personal money judgment against a defendant for an amount equal to the value of the proceeds and facilitating property. In a drug violation for which the government requests a money judgment, it is your duty to determine the value of the proceeds and the facilitating property regarding that violation.

Where two or more persons act jointly in committing a violation of the drug laws, then they are jointly and severally liable for the forfeiture of all proceeds of

that drug violation.  If a defendant violates the drug laws in concert with others,
then he is jointly and severally liable for the full amount of the proceeds, regardless
of who actually took possession of the cash.  I instruct you that in considering your
forfeiture verdict(s), you may not consider the degree to which a particular
defendant was involved in the offense because, by law and as the special verdict
form provides, each defendant is liable for the entire amount of the money
judgment.

---------

Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment
against the defendant, the court [or jury] shall determine the amount of money that
the defendant will be ordered to pay.")
**Money Judgment**
United States v. Corrado, 227 F.3d 543, 558 (6th Cir. 2000) (RICO - district court
ordered to enter a money judgment against the defendants jointly and severally for
amount obtained directly or indirectly from RICO conspiracy)
United States v. Baker, 227 F.3d 955, 970 (7th Cir. 2000), cert. denied, 121 S.Ct.
1095 (2001)
(§ 982 - a forfeiture may include a money judgment for the amount of money
involved in the money laundering offense; the money judgment acts as a lien
against the defendant personally for the duration of his prison term and beyond)
United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999), cert. denied, 120
S.Ct. 1559 (2000) (§ 853 - criminal forfeiture may take several forms: in personam
money judgment for amount of proceeds obtained by defendant, directly forfeitable
property, and substitute assets)
United States v. Holland, 160 F.3d 377, 380 (7th Cir. 1998) (§ 982 - defendant
ordered to pay judgment equal to value of property concealed from bankruptcy
court and subsequently laundered)

United States v. Voigt, 89 F.3d 1050, 1084-1088 (3d Cir.), cert. denied, 117 S.Ct. 623 (1996) (government entitled to money judgment for amount of money "involved in" money laundering even if it can't strictly trace the money laundered to any specific property)

United States v. Robilotto, 828 F.2d 940, 949 (2d Cir. 1987), cert. denied, 108 S.Ct. 711 (1998)   (RICO - court may enter a money judgment for the amount of the illegal proceeds regardless of whether the defendant retained the proceeds)

United States v. Amend, 791 F.2d 1120, 1124 (4th Cir.), cert. denied, 107 S.Ct. 399 (1986)

(§ 853 - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession)

United States v. Ginsburg, 773 F.2d 798, 801-02 (7th Cir. 1985), cert. denied, 106 S.Ct.1186 (1986) (RICO - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession)

United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985), cert. denied, 106 S.Ct. 1200 (1986) (RICO - court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds)

United States v. Conner, 752 F.2d 566, 576 (11th Cir.), cert. denied, 106 S.Ct. 72 (1985) (RICO - because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset)

**\*Joint and Several Liability**

United States v. Corrado, 227 F.3d 543, 553, 558 (6th Cir. 2000) (RICO - all defendants jointly and severally liable for the total amount derived from the scheme; the Government is not required to show that the defendants shared the proceeds of the offense among themselves, nor to establish how much a particular defendant obtained)

United States v. Pitt, 193 F.3d 751, 765 (3d. Cir. 1999) (§ 982 and § 853 both impose joint and several liability on convicted defendants; district court did not err in converting special verdict in which jury found each defendant liable for a specific sum into a judgment making both defendants liable for the aggregate amount)

United States v. Candelaria-Silva, 166 F.3d 19, 44 (1st Cir. 1999), cert. denied, 120 S.Ct. 1559 (2000) (§ 853 - even minor participants in drug conspiracy are jointly

and severally liable for forfeiture of the full amount of proceeds reasonably foreseeable)

United States v. Simmons, 154 F. 3d 765, 769 (8th Cir. 1998) (RICO - each defendant is jointly and severally liable for all foreseeable proceeds of the scheme; the Government is not required to prove the specific portion of proceeds for which each defendant is responsible; RICO defendant cannot limit his liability to proceeds of the racketeering acts he was charged with committing personally)

United States v. McCarroll, 1996 WL 355371 at *9 (N.D. Ill. 1996), aff'd sub nom., United States v. Jarrett, 133 F.3d 519 (7th Cir.), cert. denied, 118 S.Ct. 1688 (1998) (§ 982 and § 853 - defendant jointly and severally liable for forfeiture of amount of proceeds reasonably foreseeable)

United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995) (RICO - defendant jointly and severally liable; government can collect the total amount subject to forfeiture only once, but subject to that cap, it can collect from any defendant so much of that amount as was foreseeable to that defendant)

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5** (Duty not to consider certain issues to be decided by the court)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide.  You should not consider what might happen to the property in determining whether the property is subject to forfeiture.  In this connection, you should disregard any claims that other persons may have to the property.  The interests that other persons may have in the property will be taken into account by the court at a later time.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property constituted the proceeds of drug trafficking or were used, or intended to be used, in any way to commit, or facilitate the commission of, the drug violation which you have found the defendant committed.

Similarly, you are not to consider whether the property is presently available.  That matter also will be considered solely by the court in imposing sentence.

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6

(Unanimous verdict)

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

Everyone must agree whether the preponderance of the evidence proves that such property constitutes the proceeds of the drug trafficking violation of which the defendant was convicted, or that such property was used, or intended to be used, in some way to commit, or facilitate the commission of, the drug trafficking violation of which such defendant was convicted.

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7

(Special verdict forms)

Special verdict forms have been prepared for you.  Each special verdict form lists the property which the government asserts is proceeds or facilitating property.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO".  In some cases, if you answer "NO", there is a follow-up question you must answer.  The foreperson must then sign and date the special verdict forms.

You will see that some special verdict forms ask you to consider separately whether certain properties are subject to forfeiture on more than one basis.  Even if you find that any given property is in fact subject to forfeiture for more than one reason, that does not mean that the government will receive forfeited property twice.  It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture.  Any issue of double-counting will be considered by the court in imposing sentence.

## **UNITED STATES' PROPOSED SPECIAL VERDICT FORM**

## **COUNT 2**

Was the Beretta 92FS 9mm semi-automatic handgun serial number161426,

property used or intended to be used, in any manner or part, to commit or facilitate

the commission of the violation?

YES _____

NO _____


Foreperson sign and date the completed verdict form.


_____         _____

Foreperson                                        Date

## <u>UNITED STATES' PROPOSED SPECIAL VERDICT FORM</u>

### <u>COUNT 2</u>

Was the Taurus 9mm semi-automatic handgun serial number PT92AF, property used or intended to be used, in any manner or part, to commit or facilitate the commission of the violation?

YES _____

NO _____

Foreperson sign and date the completed verdict form.

_____        _____

Foreperson                                              Date