DEBORAH M. SMITH
Acting United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
DAVID NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffler@usdoj.gov
         david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                             )<br>                        Plaintiff,        )<br>                                                             )<br>              vs.                                         )<br>                                                             )<br> KANHA KOUNDUANGTA,            )<br>                                                             )<br>                        Defendant.    )<br>                                                             ) | No. 3:06-cr-0018-(JWS)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL FROM THE ORDER AT DOCKET NO. 47 |

I.   Introduction

      The defendant appealed the Magistrate Judge's Order denying her request to appear at all court hearings without shackling.[1]  The government agrees with the court that the policy requiring shackling not be vacated and that an evidentiary

---

[1]  Clerk's Docket No. 47.

hearing is unwarranted.

II.     Argument

The defendant argues that the correspondence between the Marshal's Service and the Court does not justify the district-wide shackling policy. The defendant seeks an evidentiary hearing to discuss a lack of incidents in the District of Alaska during the last ten years that would justify such a policy. The substance of the defendant's appeal is centered on her belief that the shackling policy itself is not justified.

First, the government agrees with the court that the policy, as outlined in the correspondence between the Marshal's Service and the Court, adequately addresses the due process concerns of the defendant in the instant case.[2] The policy addresses the use of leg restraints on in-custody defendants when they appear in court for proceedings outside the presence of the jury. Furthermore, the Court is not aware of any objective data suggesting that use of leg restraints has a negative impact on defendants that might outweigh the interest in public safety served by the policy.[3]

Second, an evidentiary hearing is not required in this instance based on the

---

[2]     Order on Defendant's Motion to Appear in Court without Shackles, Clerk's Docket No. 47 at 2.

[3]     Opposition to Defendant's Motion for Order to Appear Unshackled at all Hearings, Clerk's Docket No. 44, Exhibit B.

list of references to a lack of incidents cited by the defendant because the defendant has not established any new information that was not known at the time of the drafting of the policy. Oral argument is unnecessary in this case. Ultimately, a discussion as to the merits of the policy do not require an evidentiary hearing in this case.

III.   Conclusion

Based on the foregoing, the government respectfully agrees with the Magistrate Judge's determination that the shackling policy is valid and an evidentiary hearing in this case is unwarranted.

RESPECTFULLY SUBMITTED this 15th day of May, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ David Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2006
a copy of the foregoing Notice of Attorney
Appearance was sent electronically to
Kevin McCoy

s/ David Nesbett