Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KANHA KOUNDUANGTA,<br><br>    Defendant. | NO. 3:06-cr-0018-HRH<br><br>**REPLY ON APPEAL TO DEFENDANT'S CHALLENGE TO THE DISTRICT-WIDE SHACKLING POLICY** |

**I.   Introduction.**

Kanha Kounduangta submits this reply on appeal from the Magistrate Judge's adverse ruling on her challenge to the district-wide policy that requires all in-custody defendants to appear in leg shackles at all non-jury proceedings without any individualized showing of danger or flight risk.

**II.   The District-Wide Shackling Policy In Courtrooms Is Not Adequately Justified.**

Ms. Kounduangta respectfully submits that the government's response on appeal adds nothing to the record and does not adequately justify the district-wide shackling policy of in-custody

defendants at non-jury proceedings.[1] In *United States v. Howard,* 429 F.3d 843, 846 (9th Cir. 2005), the appellate court ruled that any district-wide shackling policy of in-custody defendants at non-jury proceedings "requires adequate justification of its necessity." The appellate panel reasoned:

> At a minimum, due process requires that before there is any district-wide policy affecting all incarcerated defendants whom the government must transport to a first appearance, there must be some justification. The Supreme Court has stated that "if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted on pretrial detainees."

*Id.* at 851, *citing*, *Bell v. Wolfish*, 441 U.S. 520, 529 (1979).

In response to Ms. Kounduangta's appeal from the Magistrate Judge's ruling, the government relies exclusively on the correspondence between the United States Marshals Service and the court that was earlier presented to the Magistrate Judge. And yet, that correspondence recites only one incident allegedly occurring in a courtroom in this district in the last ten (10) years.[2] As explained in the initial memorandum at Docket No. 51, it is doubtful that shackling could have prevented this incident. Regardless, Ms. Kounduangta respectfully submits that the correspondence between the court and the Marshals Service is insufficient to justify a district-wide policy that requires all in-custody defendants be shackled at all non-jury court appearances.

The government then suggests that there is no objective data "suggesting that the use of leg restraints on in-custody defendants has a negative impact on defendants that might outweigh

---

[1] Ms. Kounduangta does not challenge the practice of shackling defendants during transport to and from the courtroom; only the policy that requires defendants to remain shackled during their court appearances.

[2] The pitcher hurling incident referenced in the correspondence and in Ms. Kounduangta's Memorandum on appeal at Docket No. 51.

the interest in public safety served by the policy." Government Response at Pg. 2. In this regard, the government is mistaken.

> [T]he Supreme Court expressed concern that restraints could greatly reduce the defendant's ability to communicate with his counsel. [S]hackling may confuse and embarrass the defendant, thereby impairing his mental faculties. Shackling may also cause the defendant physical and emotional pain.

*United States v. Howard*, 429 F.3d at 851 (citations and quotation marks omitted). Equally important is the impact of shackling on courtroom decorum because shackling "is itself something of an affront to the very dignity and decorum of judicial proceedings the judge is seeking to uphold." *Illinois v. Allen*, 397 U.S. 337, 344 (1970).

**III.   Conclusion.**

In the final analysis, shackling of pretrial detainees during non-jury court hearings, absent a case-specific reason, is demeaning both to the detainees and to the dignity of the court. The record presented does not adequately justify the district-wide policy of shackling all pretrial detainees at all non-jury court appearances. For these reasons, and for the reasons articulated in the opening memorandum, Ms. Kounduangta asks that the Magistrate Judge's order at Docket No. 47 denying her motion to appear at all court appearances without shackles be reversed.

DATED at Anchorage, Alaska this 16th day of May 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org

Certification:
I certify that on May 16, 2006,
a copy of the *Reply on Appeal to Defendant's Challenge to the District-Wide Shackling Policy* was served electronically on:

Karen Loeffler
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy