IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
          vs.                    )
                                 )
KANHA KOUNDUANGTA,               )
                                 )   No. 3:06cr0018-HRH
                    Defendant.   )
_____  )

O R D E R

First and Second
Motions to Suppress

Defendant filed two motions to suppress as regards statements that she made to law enforcement personnel.[1] The motions are opposed by the Government.[2] An evidentiary hearing was conducted before the assigned magistrate judge who concluded that both motions to suppress should be denied.[3] Provision was made for the filing of objections. No objections have been filed.

The court concludes that the facts relevant to the instant motions are as set forth in the report and recommendation of the magistrate judge.[4]

---

[1]    Clerk's Docket Nos. 20 & 23.

[2]    Clerk's Docket Nos. 37 & 38.

[3]    Clerk's Docket No. 46.

[4]    Id. at 2-5.

- 1 -

As described by the court's findings of fact, the Government seeks to introduce at trial only two statements made by the defendant. The first was a statement that the defendant could not understand why she was in trouble over what she referred to as a "gift". The other was an emotional statement to the effect that defendant had been "stupid" and that she was "sorry". The court concludes, as did the magistrate judge, that the foregoing statements were not the result of any interrogation, but rather were spontaneously made by the defendant. For the reasons and upon the authorities set forth by the magistrate judge, the motion to suppress is denied as to the two foregoing statements. The court understands that the Government will not be offering any other statements of this defendant.

The second motion to suppress seeks the exclusion of the same foregoing statements, but on a different legal theory — namely, that there was undue delay in bringing defendant before a magistrate judge for her initial appearance. Defendant relies upon 18 U.S.C. § 3501(c). The court concludes as did the magistrate judge that the foregoing statute applies to confessions made as a result of questioning by law enforcement officers and not to spontaneous statements. Accordingly, the second motion to suppress is also denied.

DATED at Anchorage, Alaska, this <u>17th</u> day of May, 2006.

<u>s/ H. Russel Holland</u>
United States District Judge

- 2 -