Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:06-cr-0018-HRH |
| Plaintiff, | |
| | **KANHA KOUNDUANGTA'S** |
| vs. | **OPPOSITION TO THE** |
| | **GOVERNMENT'S REQUEST** |
| | **FOR A *JEWELL* DELIBERATE** |
| KANHA KOUNDUANGTA, | **IGNORANCE INSTRUCTION** |
| Defendant. | |

I.      **Introduction.**

The government has asked this court to give Ninth Circuit Pattern Instruction No. 5.7, the so-called "Jewell Deliberate Ignorance Instruction."  Kanha Kounduangta respectfully opposes this request.  The evidence presented is insufficient to establish that Ms. Kounduangta suspected the box contained drugs, that she deliberately avoided taking steps to confirm or deny any suspicion, so that she would later have a defense in the event she was prosecuted.  *See generally*, *United States v. Heredia*, 429 F.3d 820 (9th Cir. 2005).

**II.     A Deliberate Ignorance Instruction Is Improper In This Case.**

In the federal system, it is recognized that there is a subtle distinction between knowledge and lesser mental states, such as recklessness and negligence, and, therefore, the courts have "reviewed knowledge instructions carefully." *United States v. Aguilar,* 80 F.3d 329, 331 (9th Cir. 1996) (*en banc*). In *United States v. Jewell*, 532 F.2d 697, 700 (9th Cir. 1976) (*en banc*), the court approved an exception to the requirement of "actual knowledge" where there is evidence that the defendant deliberately omitted making an inquiry in order to avoid having actual knowledge. A deliberate ignorance instruction was given as an alternative to finding of "actual knowledge." The court stated that "[t]he substantive justification for the rule is that deliberate ignorance and positive knowledge are equally culpable." *Id*. at 700. Hence, *Jewell*, which utilized Model Penal Code 2.02(7), requires a finding of "willful blindness." *United States v. Aguilar*, 80 F.3d at 331-33.

However, it is important to note that "[a] *Jewell* instruction is properly given only when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate ignorance." A deliberate ignorance instruction should "not be given in every case in which a defendant claims a lack of guilty knowledge[.]" *United States v. Baron*, 94 F.3d 1312, 1317 (9th Cir. 1996). It is not enough that the defendant was mistaken, recklessly disregarded the truth, or negligently failed to inquire. Instead, the government must present evidence indicating that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of subsequent prosecution. Absent such evidence, the jury might impermissibly infer

guilty knowledge on the basis of mere negligence without proof of deliberate avoidance. *United States v. Pacific Hide & Fur Depot, Inc.*, 768 F.2d 1096, 1098 (9th Cir. 1985).

In order for the defendant's ignorance to be deliberate or willful, the defendant must have been presented with facts that put him on notice that criminal activity is probably afoot, and then the defendant must have failed to investigate those facts, thereby deliberately declining to verify or discover the criminal activity. *United States v. Baron*, 94 F.3d at 1316-17; *United States v. Giovannetti*, 919 F.2d 1223, 1228 (7th Cir. 1990) ("ostrich" instruction has a tendency to allow juries to improperly convict upon a finding of negligence for crimes that require intent; "ostrich" instruction should not be given where jury has a "binary choice" between "actual knowledge" and "complete innocence"); *United States v. Barbee,* 968 F.2d 1026, 1033 (10th Cir. 1992) (deliberate ignorance instruction is rarely appropriate).

These holdings were only recently reaffirmed in *United States v. Heredia*, 429 F.3d 820 (9th Cir. 2005). The *Heredia* court explained:

> In the years since we decided *Jewell*, we have restricted the circumstances under which we will permit the instruction to be issued. We have warned that the instruction is rarely appropriate, and should be given only when the government presents specific evidence that the defendant (1) actually suspected that he or she might be involved in criminal activity, (2) deliberately avoided taking steps to confirm or deny those suspicions, and (3) did so in order to provide himself or herself with a defense in the event of prosecution. It is not enough that the defendant was mistaken, recklessly disregarded the truth or negligently failed to inquire. The instruction should rarely be given because of the risk that the jury will convict on a standard of negligence: that the defendant should have known the conduct was illegal.

*Id.* at 824 (citations and quotation marks omitted).

**III.    Conclusion.**

For these reasons, and for the reasons asserted at the hearing on Jury Instructions,

Ms. Kounduangta respectfully opposes the government's request for a *Jewell* deliberate ignorance

instruction.


DATED at Anchorage, Alaska this 23rd day of May 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:          907-646-3400
Fax:            907-646-3480
E-Mail:         kevin_mccoy@fd.org


Certification:
I certify that on May 23, 2006,
a copy of ***Kanha Kounduangta's Opposition***
***to the Government's Request for a Jewell***
***Deliberate Ignorance Instruction*** was served
electronically on:

Karen Loeffler
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567


s/Kevin F. McCoy