JURY INSTRUCTION NO.   1

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in this case.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the instructions.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

JURY INSTRUCTION NO. __2__

.       You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "Not Guilty" plea of the accused. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the accused and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

JURY INSTRUCTION NO.  3

In your consideration of this case you are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused be proved guilty beyond reasonable doubt, say so.  If not so proved, say so.

JURY INSTRUCTION NO. __4__

There are two types of evidence from which you may find the truth as to the facts of a case--direct and circumstantial evidence.   Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant.    The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.   You should weigh all the evidence in the case.  After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find her not guilty.

JURY INSTRUCTION NO.  5

The evidence from which you are to decide what the facts are consists of:  (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

JURY INSTRUCTION NO. ___6___

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

JURY INSTRUCTION NO. ___7___

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the mere fact that an objection was made. You must follow the court's ruling on the objection.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You **are to decide the case solely on the evidence** received at the trial.

JURY INSTRUCTION NO.  8

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

JURY INSTRUCTION NO.   9

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

JURY INSTRUCTION NO. __10__

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that the defendant has not testified.

The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

JURY INSTRUCTION NO. __11__

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made a statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

JURY INSTRUCTION NO. ___12___

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. __13__

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the prosecution's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

JURY INSTRUCTION NO.    14

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

JURY INSTRUCTION NO. ___15___

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. However, such charts or summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, the jury should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

JURY INSTRUCTION NO.   16

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate"--with no evidence against her. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must render a verdict of not guilty.  If the jury views the evidence in the case as reasonably permitting either of two conclusions--one of innocence, the other of guilt--the jury should of course adopt the conclusion of innocence.

JURY INSTRUCTION NO.  17

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused.

The defendant has pleaded "not guilty" to the charges contained in the indictment. This plea puts in issue each of the essential elements of the offenses as described in these instructions, and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

The defendant is not on trial for any act or conduct not alleged in the indictment.

JURY INSTRUCTION NO. ___18___

The defendant is charged in Count 1 of the indictment with attempted possession of methamphetamine with intent to distribute in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First: the defendant intended to possess a controlled substance such as methamphetamine with the intent to deliver it to another person, with all of you agreeing as to the kind and amount of that substance; and

Second: the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of methamphetamine with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

JURY INSTRUCTION NO. __19__

Unless the government proves beyond reasonable doubt that the defendant has committed every element of an offense, you must find her not guilty as to that offense.

JURY INSTRUCTION NO.   20

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION NO.   21

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

JURY INSTRUCTION NO. ___22___

Upon retiring to the jury room, you will select one of your number to act as your presiding juror.  The presiding juror will preside over your deliberations, and will be your spokesman here in court.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your presiding juror fill in the appropriate portions of the form to reflect the verdict upon which you unanimously agree, date, and sign the form, and then return with your verdict to the courtroom.

JURY INSTRUCTION NO. ___23___

It is proper to add the caution that nothing said in these instructions--nothing in any form of verdict prepared for your convenience--is to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

JURY INSTRUCTION NO. __24__

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your presiding juror or by one or more members of the jury. Any note to the court should include the date and time the note was signed. No member of the jury should ever attempt to communicate with the court by means other than a signed writing; and the court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open court.

Bailiffs, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the court--how the jury stands, numerically or otherwise, on the question of guilt or innocence of the accused until after you have reached a unanimous verdict.

JURY INSTRUCTION NO.   25

        If you should agree upon your verdict before 4:30 p.m. tonight, your presiding juror should date and sign the verdict. This will indicate that all twelve of you have agreed to the verdict.  You should return your verdict immediately into open court in the presence of the entire jury, together with the exhibits and these instructions.

        If you do not agree upon your verdict before 4:30 p.m. tonight, you may return to your homes.  You must not talk about the case or your deliberations outside of the jury room.  Before you go home, the presiding juror should lock the jury room so that the exhibits, instructions, and unsigned verdicts will remain undisturbed.  None of these materials should be removed from the jury room until you reach a verdict.  You should return to your jury room at 9:00 a.m. tomorrow to continue your deliberations. Deliberations should not be commenced until all twelve jurors are present in the jury room.