Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KANHA KOUNDUANGTA,<br><br>    Defendant. | NO. 3:06-cr-0018-HRH<br><br>**DISPOSITION MEMORANDUM**<br><br>**(Filed on Shortened Time)** |

**I.    Introduction.**

Kanha Kounduangta submits this memorandum to assist the court at the August 3, 2006, disposition.  If the court accepts the parties' plea agreement, disposition in this matter will be controlled by a Fed.R.Crim.P. 11(c)(1)( C) agreement.  This agreement does not address potential fines.  The purpose of this memorandum is to advise the court that Ms. Kounduangta intends to ask that she not be fined.

**II.     Ms. Kounduangta Does Not Have The Ability To Pay A Fine And Is Not Likely To Have The Ability To Pay A Fine During The Period Of Probation.**

On July 28, 2006, Supervising U.S. Probation Officer Barbara Burton submitted a special written report to the court establishing that Ms. Kounduangta does not have the ability to pay a fine. The report establishes that Ms. Kounduangta subsists on Social Security SSI benefits that totaled approximately $700 per month, and that she receives between $603 and $1,303 per month in social security disability benefits and welfare benefits. The testimony at trial established that Ms. Kounduangta had five children living with her at the time of her arrest. Four of those children were under eighteen years of age and the youngest was six years of age.

These circumstances plainly establish that Ms. Kounduangta does not have the ability to pay a fine and is not likely to have the ability to pay a fine during the course of her probationary period.

**III.    Although 21 U.S.C. § 844(a) Provides For A Minimum Fine Of $1,000, The Fine Should Not Be Imposed If The Court Determines Under The Provisions Of Title 18 That Ms. Kounduangta Lacks The Ability To Pay A Fine.**

Ms. Kounduangta respectfully submits that the $1,000 fine should not be imposed because she does not have the ability to pay a fine under 18 U.S.C. § 3572(a). Title 21 U.S.C. § 844(a) provides in the pertinent parts as follows:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year and shall be fined a minimum of $1,000 or both[.]
>
> * * * * * * * *
>
> The imposition or execution of a minimum sentence required to be imposed under this subsection shall not be suspended or deferred.

> Further, upon conviction, a person who violates this subsection shall be fined the reasonable costs of investigation and prosecution as defined by sections 1918 and 1920 of Title 28, **except that this sentence shall not apply <u>and a fine under this section</u> need not be imposed if the court determines under the provision of Title 18 that the defendant lacks the ability to pay,**

(Emphasis added).

Whether to impose a fine is controlled by 18 U.S.C. § 3572(a) which lists the factors to be considered. Relevant factors include the defendant's income, earning capacity, financial resources, and the burden a fine would have on the defendant and any person who is financially dependant on the defendant. These factors and the other factors identified in Ms. Burton's report establish that Ms. Kounduangta does not have the ability to pay a fine and cannot afford to pay for the costs of investigation and prosecution.

The only question that remains is whether the characterization of the $1,000 fine in 21 U.S.C. § 844(a) as a minimum fine mandates imposition of a fine regardless of the individual's ability to pay a fine. Ms. Kounduangta respectfully submits that the answer is "no," because the language of § 844(a) expressly excuses the fine under § 844(a) "if the court determines that the defendant lacks the ability to pay a fine."

### IV.   Conclusion.

For all these reasons, Ms. Kounduangta respectfully asks that she not be fined and that she not be required to pay the costs of investigation and prosecution.

DATED at Anchorage, Alaska this 2nd day of August 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org

Certification:
I certify that on August 2, 2006,
a copy of the *Disposition Memorandum*
was served electronically on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Kevin F. McCoy